IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA



SEP 29 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

JOSEPH R. PHILLIPS-BEY, )
)
          Plaintiff, )
)
v. ) No. CIV 09-211-RAW-SPS
)
JIM KEITH, et al., )
)
          Defendants. )

## OPINION AND ORDER

This action is before the court on Defendants Keith, Miller, Cotton, Jones, Legg, Martin, and Cunningham's motion to dismiss, Defendant Brisilara's motion to dismiss or for summary judgment, Defendant Don Pope's motion to quash, and plaintiff's motions for injunctive and other relief. The court has before it for consideration plaintiff's second amended complaint, the parties' motions, responses and replies, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of DOC who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. The defendants are Jim Keith, DCF Warden; Kathy Miller, DCF Medical Supervisor; Sada Jones, DCF Unit Manager; Sara Legg, DCF Psychologist; Don Pope, DCF Legal Aid Supervisor; J.W. Martin, DCF Assistant Warden; Karen Cunningham, DCF Nurse; Dr. Robert Brisilara, DCF Dentist;

and Officer Cotton, DCF Chief of Security.

Plaintiff alleges in Count I that the defendants forced him to suffer severe pain and mental agony because of their total indifference to his welfare. He claims in Count II that the defendants denied him the right to be heard and the same opportunity that other inmates have to seek legal aid. In Count III he asserts the defendants denied him adequate medical, psychological, and dental treatment.

**Defendants Keith, Miller, Cotton, Jones, Legg, Martin, and Cunningham's Motion to Dismiss [Docket #35]**

Defendants Keith, Miller, Cotton, Jones, Legg, Martin, and Cunningham have filed a motion to dismiss, alleging plaintiff has failed to state a claim upon which relief can be granted by his failure to allege facts to support his conclusory claims in Counts I, II, and II. These defendants also assert plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials

submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

The special report states that Davis Correctional Facility follows the DOC grievance policy for exhaustion of administrative remedies. The procedure for exhausting administrative remedies is set forth in DOC Policy OP-090124, "Offender Grievance Process." An inmate first must attempt to resolve his complaint informally within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, raising only one issue in each RTS. If the complaint still is not resolved, he then may file a grievance with the facility head or the medical director (for medical issues) within 15 calendar days of the incident, or the date of the response to the RTS, whichever is later. If the grievance also does not resolve the issue, the inmate may appeal to the DOC Administrative Review Authority or the Chief Medical Officer, whichever is appropriate, within 15 calendar days of receipt of the reviewing authority's response or any amended response. The administrative process is exhausted only after all of these steps have been taken. The policy also sets forth the procedure an inmate can follow if his Request to Staff or Grievance is not answered within the prescribed time periods.

The record shows that on June 1, 2009, plaintiff filed a grievance asking to be taken off a medical diet. The Grievance Coordinator responded the same day by returning the grievance unanswered and informing plaintiff that he first must seek informal resolution. Plaintiff also was reminded by the Grievance Coordinator that he had been placed on grievance restriction on July 14, 2008, and would remain on grievance restriction until July 13, 2009. The requirements for filing grievances while on grievance restriction were set forth in the response.

Plaintiff also filed two grievances on June 29, 2009, complaining that a staff member had not responded to his Requests to Staff and that he had not received a reply to his request for psych services. The Grievance Coordinator responded the same day by returning the grievances unanswered for failure to attach an informal resolution request. Plaintiff was advised that he had not correctly completed the grievance form, and he was supposed to send his Requests to Staff through the Unit Clerk, so they could be logged and the responses could be verified.

On July 13, 2009, plaintiff submitted a grievance to the Oklahoma Department of Corrections Administrative Review, claiming his requests had not been answered by the DCF staff. The DOC Administrative Review office returned the grievance unanswered on July 16, 2009, because plaintiff had not properly filed his paperwork. He was advised he could resubmit a corrected grievance within ten calendar days. The record indicates he did not resubmit any documents.

Plaintiff has filed a response to the motion to dismiss [Docket #43], but it is a detailed account of the alleged constitutional violations he experienced at DCF. He contends the staff knew he intended to file lawsuits against them, so his Requests to Staff went unanswered. He has submitted copies of numerous Requests to Staff, but he has not shown he has exhausted his administrative remedies for any of his claims against Defendants Keith, Miller, Cotton, Jones, Legg, Martin, or Cunningham. Therefore, their motion to dismiss is GRANTED.

**Defendant Robert Brisilara's Motion to Dismiss or for Summary Judgment [Docket #52 and #54]**

Defendant Dr. Robert Brisilara has moved for dismissal or summary judgment,

4

alleging plaintiff has failed to exhaust his administrative remedies for the claims against him. The record shows plaintiff signed consent forms on December 4, 2008, and May 21, 2009, to have teeth extracted by Dr. Brisilara. According to the DCF grievance record, plaintiff never filed a grievance concerning the care he either received or did not receive from Dr. Brisilara, so he has not exhausted his administrative remedies, as required by 42 U.S.C. § 1997e(a). Defendant Brisilara's motion to dismiss [Docket #52] is GRANTED.

**Defendant Don Pope's Motion to Quash [Docket #36]**

Defendant Don Pope, DCF Legal Aid Supervisor, has filed a motion to quash service. He asserts he was not present on August 27, 2009, when a United States Marshal delivered the complaint and summons to his place of business. Mr. Pope's associate Brant Elmore was presented with the summons and complaint, but Mr. Elmore advised the Marshal that he was not an officer of the company or otherwise authorized to accept or refuse service for Mr. Pope. Nonetheless, the Marshal left the summons and complaint at Mr. Pope's business [Docket #33].

On November 18, 2009, the court directed plaintiff to show cause why Defendant Pope's motion to quash should not be granted [Docket #37]. Plaintiff filed a response to the show cause order, but he merely disagreed with Defendant Pope about whether the service was proper. Plaintiff then reiterated his claims against Defendant Pope and the other defendants [Docket #40].

Rule 4 of the Federal Rules of Civil Procedure sets forth the proper procedure for service. Service on an individual within a judicial district is accomplished by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)-(2).

Oklahoma law for service of process on an individual is as follows:

(1) upon an individual other than an infant who is less than fifteen (15) years of age or an incompetent person, by delivering a copy of the summons and of the petition personally or by leaving copies thereof at the person's dwelling house or usual place of abode with some person then residing therein who is fifteen (15) years of age or older or by delivering a copy of the summons and of the petition to an agent authorized by appointment or by law to receive service of process.

Okla. Stat. tit. 12, § 2004(C)(1)(c)(1).

The court finds that plaintiff has failed to show cause for his failure to serve Defendant Don Pope in accordance with Fed. R. Civ. P 4(m), so Defendant Pope's motion to quash [Docket #36] is GRANTED. The court also notes there is nothing in the record showing plaintiff has exhausted his claims against Defendant Pope.

**Plaintiff's Motion for Injunctive Relief [Docket #50]**

Plaintiff has filed a motion for injunctive relief, requesting this court to order the defendants to provide him with adequate time in the DCF law library and adequate legal materials to prepare his legal work. He claims to have attempted to resolve these issues by speaking to the defendants and by filing Requests to Staff and grievances. He contends the

6

defendants have ignored his attempts to exhaust his administrative remedies, or they have given irresponsible answers. Plaintiff also asks for a transfer him to another facility, if he cannot receive adequate legal aid and materials, adequate recreation, three full-ration hot meals a day, adequate medical, psychological, and dental care, and a safe environment.

The district court may grant a preliminary injunction if the party seeking it shows: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest. *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir.), *cert. denied*, 510 U.S. 916, 114 (1993); *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992).

Here, the court finds plaintiff does not have a substantial likelihood of prevailing on the merits of his claims, because he has failed to exhaust his administrative remedies for the claims. Furthermore, the record indicates plaintiff has had access to the law library, as shown on the library's sign-in sheet. According to the records, plaintiff accessed the prison library 16 times from January 2, 2010 to February 24, 2010, just weeks before he filed his motion for injunctive relief on March 22, 2010. Regarding his request for a transfer to another facility, it is well settled that there is no constitutional right to incarceration in a particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Therefore, plaintiff's motion for injunctive relief [Docket #50] is DENIED.

**ACCORDINGLY,** Defendants Keith, Miller, Cotton, Jones, Legg, Martin, and Cunningham's motion to dismiss [Docket #35] is GRANTED, Defendant Robert Brisilara's motion to dismiss [Docket #52] is GRANTED, Defendant Don Pope's motion to quash

[Docket #36] is GRANTED, plaintiff's motion for injunctive relief [Docket #50] is DENIED, and this action is, in all respects, DISMISSED for failure to exhaust administrative remedies. All other pending motions are DENIED as moot.

**IT IS SO ORDERED** this 29th day of September 2010.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**